# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:18-CV-00548-RJC-DSC

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| v. | ) ) ) | |
| DAVID CAMPBELL, | ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment," Doc. 7, and the parties' associated briefs and exhibits, Doc. 7 and 10.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u> as discussed below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a bicycle accident that occurred on August 18, 2017. At approximately 7:04 a.m., Defendant David Campbell was found lying in or near the northbound lane of the 9300 block of Blair Road in Mint Hill, North Carolina. Campbell alleges that an unknown vehicle driven by John Doe failed to reduce speed as it approached him and struck his

bicycle. Campbell's bicycle landed in the road and he was thrown to the side of the road with his feet on the fog line and his head in the grass. He lost consciousness when struck. His last memory before the collision was glancing at his speedometer. His first memory after the collision was coming to in the ambulance. He sustained severe facial fractures as well as injuries to his knees, right elbow, wrist and shoulder.

At the time of the accident, Campbell was insured under State Farm Policy Number 301 3161-D03-33X ("the Policy"), which provided $250,000 per person and $500,000 per accident in uninsured motorist ("UM") coverage.

The Policy provides:

**Part C1 – Uninsured Motorists Coverage**
**INSURING AGREEMENT**
We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:
1. **Bodily injury** sustained by an **insured** and caused by an accident; and
2. **Property damage** caused by an accident.
. . . .
**"Uninsured motor vehicle"** means a land motor vehicle or trailer of any type:
. . . .
3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
      a. you or any **family member;**
      b. a vehicle which you or any **family member** are **occupying**; or
      c. **your covered auto**.
      . . . .
**EXCLUSIONS**….
B.   We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

Doc. 4-2 (emphasis in original).

The Policy also provides:

**ARBITRATION**

If we and an **insured** do not agree:

> 1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle**; or
>
> 2. As to the amount of such damages; the **insured** may demand to settle the dispute by arbitration.

Id. (emphasis in original).

On October 30, 2017, Campbell notified State Farm of his UM claim and his intent to seek arbitration should the parties disagree as to the value of the claim. After conducting an approximately ten-month investigation, State Farm determined that it was more likely than not that Campbell was not struck by an unidentified motor vehicle. Therefore, the Policy did not provide UM coverage for his claim.

On September 26, 2018, Campbell filed a Complaint in Mecklenburg County Superior Court. He requested that the matter be stayed pending arbitration pursuant to the Policy. Campbell simultaneously moved the state court to appoint State Farm's arbitrator.

On October 10, 2018 State Farm filed this declaratory judgment action. State Farm seeks a determination of whether Campbell is entitled to UM coverage under the Policy.

On October 19, 2018, State Farm removed the state action to federal court on diversity grounds. See David Scott Campbell v. State Farm Mutual Insurance Company and John Doe, 3:18-cv-569-RJC-DSC (hereinafter "Campbell's lawsuit"). Removal has not been challenged and appears proper.

On December 3, 2018, Campbell filed the present Motion to Dismiss. See Doc. 7. On December 13, 2018, Campbell filed Motions to stay proceedings and compel arbitration, appoint an arbitrator and stay the initial attorneys conference in his lawsuit. See Docs. 4-6, 3:18-cv-569-RJC-DSC. On December 21, 2018, State Farm filed a Motion to Stay Campbell's lawsuit pending declaratory judgment. See Doc. 7, 3:18-cv-569-RJC-DSC.

On April 9, 2019, this Court granted Defendant's Motion to Stay Campbell's lawsuit pending Declaratory Judgment and denied his Motions without prejudice. <u>See</u> Doc. 15. For the reasons stated in the Court's Memorandum and Order in Campbell's lawsuit, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u>.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment," Doc. 7, be **DENIED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED.**

Signed: April 10, 2019

David S. Cayer
United States Magistrate Judge