UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00548-RJC-DSC

| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DAVID CAMPBELL, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant David Campbell's ("Defendant" or "Campbell") Motion to Dismiss, (Doc. No. 7); the Magistrate Judge's Memorandum and Recommendation and Order (MR&O), (Doc. No. 16); Defendant's Objection to the MR&O, (Doc. No. 17); and Plaintiff State Farm Mutual Automobile Insurance Company's ("Plaintiff" or "State Farm") Reply to Defendant's Objection, (Doc. No. 18).

I. BACKGROUND

In large part, neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. The Court notes that Defendant Campbell has proposed a slight modification to the MR&O's statement of the facts and procedural history regarding Campbell's October 30, 2017 letter with respect to arbitration:

1

> If any UM/UIM claim against State Farm Mutual Automobile Insurance Company does not settle within 30 days after Mr. Campbell's initial demand for settlement with State Farm Mutual Automobile Insurance Company, then Mr. Campbell wishes to resolve any dispute by arbitration as permitted by the policy.

(Exhibit A). The Court accepts this correction and adopts it into the facts and procedural history.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## III. DISCUSSION

Defendant objects to the M&R on two grounds: 1) the policy allows Campbell to demand arbitration; and 2) this is a factual dispute, and thus, declaratory judgment is not appropriate. The Court agrees.

The Court has wide discretion in issuing a declaratory judgment. Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422 (4th Cir. 1998); Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996); Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937). However, this discretion has several limitations. An action for declaratory judgment is only appropriate [in federal district court] when "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty,

insecurity, and controversy giving rise to the proceeding." Centennial Life Ins., 88 F.3d at 256 (quoting Quarles, 92 F.2d at 325). Furthermore, even where a district court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), it may decline to exercise this jurisdiction if it determines that the action for declaratory judgment is not appropriate. If a declaratory judgment would not solve all issues in the pending litigation, or if a judgment in state court is also pending, courts are encouraged to decline to exercise jurisdiction even where it is duly granted under the Declaratory Judgment Act. Centennial Life Ins. Co. v. Poston, 88 F. 3d 255, 256 (4th Cir. 1995); see also Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952); (describing the Declaratory Judgment Act as "an enabling act which confers a discretion on the courts rather than an absolute right upon the litigant"). This discretion runs both ways. While the Court may exercise this discretion to hear or proceed with a declaratory action, the court also has discretion in declining to hear it.

Here, a declaratory judgment action is not appropriate and does not promote judicial efficiency. A declaratory judgment in this matter will not "serve a useful purpose in clarifying and settling the legal relations in issue," Quarles, 92 F.2d at 325, because the matter at issue is a factual determination, not a legal one. The M&R reiterates Plaintiff's position that the issue is one of "coverage, not of liability." (Doc. No. 15 at 5). The Court agrees with Defendant that in this instance, the issue of coverage is a matter of liability: if Defendant is liable for the accident, then he is not covered under the Policy; if he is not liable, then he is covered under the Policy. As

Defendant points out, the issue is not whether the Policy covers an accident with an uninsured motorist. Rather, the dispute is whether "the injury did not happen the way Campbell says it did." (Doc. No. 17 at 2). While Plaintiff is correct that contact with an unknown vehicle is a condition precedent to coverage, this fact-finding determination can be adequately resolved during arbitration. The Court does not doubt that State Farm believes that a declaratory judgment would serve a "useful purpose." However, that useful purpose is one that seems to serve State Farm's interests, not the interests of the Court or judicial economy.[1]

A declaratory judgment in this case would not resolve all issues involved. The dispute regards the facts of the claim as well as the value of the claim. Both issues can be solved through arbitration, but only one can be solved with a declaratory judgment hearing. As noted above, the only issue that would be solved through a declaratory judgment—the factual dispute—is an issue that is ill-suited for this venue. Despite Plaintiff's efforts to cite case law that supports its position, none of

---

[1] Plaintiff cites United Capitol Insurance Company v. Kapiloff, 155 F.3d 488, 493 (1998), for the circular proposition that declaratory judgment actions resolving questions "that are traditionally resolved in declaratory judgment actions . . . serve a useful purpose in settling the disputed rights between the parties." However, the question here is whether a factual dispute of this nature is one such question "traditionally resolved" by a declaratory judgment. In Kapiloff, the issues were "standard ones of agency and contract interpretation." Id. at 494. While the court noted the presence of issues of fact, these issues were melded with issues of law. Here, the issue seems to be solely one of fact: did the Defendant fall off his bicycle, or was he hit by a vehicle from behind? Therefore, while Kapiloff does state that "a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism," the issue before the Court today is neither an issue of contract interpretation nor an issue of "determining the rights of the parties under the insurance policy." Id. Rather, it is a matter of determining how Defendant was injured. Therefore, the Court finds Kapiloff distinguishable.

these cases stand for the proposition that a declaratory judgment is the appropriate vehicle for the type of factual determination at issue here.

The Court agrees that federal district courts are commonly called upon to decide coverage disputes as well as the issue of when an unidentified vehicle has left the scene of the accident (commonly referred to as "the phantom vehicle issue").[2] However, the Court has discretion to decline to exercise jurisdiction for "good reason." Nautilus Inc. Co. v. Winchester Hoes, Inc., 15 F.3d 371, 376 (4th Cir. 1994). To determine whether to proceed with a federal declaratory judgment action when a related state court proceeding is underway, the following four factors are instructive: (1) the strength of the state's interest in having these issues raised in the federal declaratory action decided in state court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; (3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or law; and (4) whether the federal action is being used merely as a device for "procedural fencing," for example, to

---

[2] Regarding the no-contact cases cited by Defendant, each of these cases involves a dispute about whether or not what happened constituted "physical contact" within the meaning of the policy. Kaska v. Progressive Universal Ins. Co., 798 S.E. 2d 431 (N.C. Ct. App. 2017); Prouse v. Bituminous Cas. Corp., 730 S.E.2d 239 (N.C. Ct. App. 2012); Moore v. Nationwide Mut. Ins. Co., 664 S.E.2d 326 (N.C. Ct. App. 2008); Andersen v. Baccus, 426 S.E.2d 105 (N.C. Ct. App. 1993); McNeil v. Hartford Accident and Indemnity Co., 352 S.E.2d 915 (N.C. Ct. App. 1987). Defendant points out that these cases are not analogous because the facts leading up to the accident were undisputed. Rather, the significance of the facts were at issue. Here, it is the facts that are at issue. The dispute is over whether there was an unidentified vehicle at all. Thus, the Court agrees with Defendant that these cases are distinguishable.

5

provide another forum in a race for res judicata. Id. See also Tucker Materials, Inc. v. Safesound Acoustics, Inc., 971 F. Supp. 2d 537, 547 (W.N.D.C. 2013) (considering pendency of state court action in deciding whether to exercise jurisdiction and declining to grant declaratory judgment). It is clear to the Court that entertaining a declaratory action here may result in "unnecessary entanglement" of overlapping issues of fact or law. It is not an appropriate mechanism with which to decide State Farm's non-liability defense. [3]

Additionally, "[f]ederal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law." Public Serv. Comm. Of Utah v. Wycoff Co. Inc., 344 U.S. 237 (1952) (citing Tennessee v. Union and Planter's Bank, 152 U.S. 454 (1984)). Thus, because this current action was filed pursuant to a matter pending in state court; because the standard is whether a declaratory judgment will settle the legal relations at issue; and because a hearing in this case would only resolve one of the issues involved in the litigation of this matter,

---

[3] In addition, that defense comes down to a factual dispute not usually decided by a declaratory judgment action. The Court recognizes Plaintiff's argument that "the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Ketner v. Branch Banking & Trust Co., 143 F. Supp. 3d 370, 375 (M.D.N.C. 2015). However, as discussed, this declaratory judgment action is not one that is "otherwise appropriate." Id. Furthermore, Plaintiff's treatment of Tucker is misapplied. The court in Tucker stated that "there are circumstances in which anticipatory judgments of non-liability may be appropriate under the Declaratory Judgment Act, particularly in regard to claims asserting unaccrued or undefined rights or obligations arising under contractual relations such as insurance and intellectual property." 971 F. Supp. 2d at 544. A matter of "undefined rights or obligations" arising out of Defendant's insurance claim is not before the Court today. Rather, the policy is clear, but the facts are disputed.

policy considerations of "federalism, efficiency, and comity" bid restraint in exercising jurisdiction. <u>Nautilus Inc. Co.</u>, 15 F.3d at 376.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Court **DECLINES** to adopt the M & R, (Doc. No. 16);

2. Defendant's Motion to Dismiss, (Doc. No. 7), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: August 29, 2019

Robert J. Conrad, Jr.
United States District Judge